IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | } |
| Plaintiff, | } |
| vs. | } Civil Action No. 2:16-cv-985-WHA |
| $389,820.00 in Lawful United States Currency, et al. | } |
| Defendants. | } |

**MOTION FOR SUMMARY JUDGMENT AND BRIEF IN SUPPPORT**

Now comes the claimant Ruby Barton, by and through the undersigned, and hereby submits his motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure as here are no genuine issue of material fact at issue and the claimant is entitled to judgment as a matter of law.

The government has failed to establish probable cause to commence forfeiture proceedings and has failed to meet its burden by a preponderance of the evidence that the defendant miscellaneous jewelry is subject to forfeiture. Moreover, the government has failed to establish that the defendant United States currency constitutes money furnished or intended to be furnished in exchange for a controlled substance, or it represents proceeds of trafficking in controlled substance or was used or intended to be used to facilitate violations of 21 U.S. c. §801. As grounds for such motion, the claimant submits the following:

**FACTS**

On or about Friday, May 13, 2016, Rodriquez Lakeith Garth ("Garth") fell prey to a foiled robbery attempt at a local convenience store near Deatsville, Alabama. During the robbery attempt, Garth was shot two times in the chest as he sat behind the wheel of his car. Garth fled from the convenience store and traveled to the Sonic located in Millbrook, Alabama where he was able to call 911. The In rem defendant, $4,550.00 in United States currency, was found in Garth's pants pocket. The In rem defendant miscellaneous jewelry described as, (1) 18k gold Rolex Watch, side serial number v390198 and 218238, inside serial number 2418, (1) three row 14k yellow gold diamond bracelet with 11.47 carats in 93 diamonds, (1) thirty-two inch 10k yellow gold link chain necklace, (1) 10k yellow gold and diamond rectangular medallion, hereinafter "miscellaneous jewelry", was all located on the person of Mr. Garth. Paramedics responded to the Sonic and began treatment on Mr. Garth. He was transported to Baptist Hospital where he eventually died from complications related to the two gunshot wounds.

During the investigation of the attempted robbery, law enforcement obtained two separate search warrants for Garth's residence located at 94 Breckenridge Court. The execution of the search warrants led to the seizure of the remaining in rem defendants described as, In rem defendant, $389, 820.00 in United States currency located in the trunk of In rem defendant 1972 Chevrolet Chevelle, SS 396, VIN: 1D37H2R582820, which was parked in the enclosed garage of the residence of 94 Breckinridge Court, and In rem defendant, $15,780.00 which was located in a box found in a storage room within the Breckinridge residence. Also within the residence there was a locked bedroom, inside the bedroom law enforcement found four hundred forty-one

pounds of marihuana along with approximately 1.62 kilograms of cocaine in a plastic bag as well as a second plastic bag containing 42.6 grams of cocaine. Docs#1, 17-C, 17-D.

On or about December 20, 2008, the United States of America filed verified complaint for forfeiture *in rem* at a time where the *in rem* jurisdiction of the defendant property vested solely with the Elmore County Circuit Court.

Based upon the facts, the question before the court is whether the In rem defendants previously described are subject to forfeiture and is there a substantial connection between the previously described in rem defendants and a drug trafficking offense, or in the alternative could the in rem defendants seized from Garth's person and residence be traced to the facilitation of a drug transaction or were the funds proceeds of a drug transaction, or were the funds acquired as a result of a drug exchange?

## Conclusions of Law

### A. Summary Judgment Standard

"Under Federal Rule of Civil Procedure 56(c), summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."*Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The party asking for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact."*Id. at 323.*The movant can meet this burden by presenting evidence showing there is no dispute of material fact, or by showing the non-moving party has failed to present

evidence in support of some element of its case on which it bears the ultimate burden of proof. *Id.* at 322-23.

Once the moving party has met its burden, Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324. *To avoid summary judgment, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986) (emphasis added). A plaintiff must present evidence demonstrating that he can establish the basic elements of his claim. *Celotex,* 477 U.S. at 322. A court ruling on a motion for summary judgment must believe the evidence of the non-movant and must draw all justifiable inferences from the evidence in the non-moving party's favor. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). After the nonmoving party has responded to the motion for summary judgment, the court must grant summary judgment if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *See* Fed.R.Civ.P. 56(c)."

"On April 25, 2000, Congress passed the Civil Asset Forfeiture Reform Act of 2000 (hereinafter "CAFRA"), Pub.L. No. 106-185, 114 Stat. 202, to address concerns associated with federal civil forfeitures. Since the Government commenced this action after August 23, 2000, the date on which the CAFRA became effective, CAFRA applies to this case.

CAFRA overhauled the procedures for civil judicial forfeiture proceedings. *See* 18 U.S.C. § 983. Significantly, the Government now has the burden of proving by a preponderance of the evidence that the property is subject to forfeiture. *See* 18 U.S.C. § 983(c)(1); *also United States v.*

*One 1991 Chevrolet Corvette,* 2005 WL 1846996, *4 (S.D.Ala.2005) (citing 18 U.S.C. § 983(c)(1)). Once the Government has shown that the property is subject to forfeiture, "the burden of proof shifts to the claimant to show, by a preponderance of the evidence that the property is not subject to forfeiture."*United States v. Cleckler,* 270 F.3d 1331, 1334 (11th Cir.2001) (citation omitted)."The claimant may meet this burden either by rebutting the government's evidence or by showing that the claimant is an innocent owner.*Id.*" *2005WL2046250* U.S. v. One Parcel of Property Located at 5535 Lee Road 66, Lee County, Alabama.

  **B.   Government's Burden of Proof**

At the outset, the Court first must determine whether the Government has met its initial burden of proof to establish that the property is subject to forfeiture. Under the CAFRA,

(1) the burden of proof is on the Government to establish, *by a preponderance of the evidence,* that the property is subject to forfeiture.

(2) the Government may use evidence gathered after the filing of a complaint for forfeiture to establish, by a preponderance of the evidence, that property is subject to forfeiture; and

(3) if the Government's theory of forfeiture is that the property was used to commit or facilitate the commission of a criminal offense, or was involved in the commission of a criminal offense, the Government shall establish that there was a *substantial connection* between the property and the offense.

In a civil forfeiture under this section, "the government must establish probable cause to believe that a substantial connection exists between the defendant-property and an illegal exchange of a controlled substance ."*Cleckler,* 270 F.3d at 1334. "Whether the government has shown probable cause for forfeiture is a question of law."*Id.* (citation omitted)."Probable cause in this context is a reasonable ground for belief: something more than mere suspicion but less

5

than prima facie proof."*Id.* (citation omitted)." *2005WL2046250* U.S. v. One Parcel of Property Located at 5535 Lee Road 66, Lee County, Alabama

## ARGUMENT AND POINTS OF AUTHORITY

**I.   The United States District Court does not have valid *in rem* jurisdiction over the defendant currency.**

The defendants in rem were seized under the authority of a state court issued search warrant pursuant to Ala. Code, 1975, §15-5-14 on May 13, 2006, Doc.#17-A. Such seizure vested *in rem* jurisdiction over the defendants in rem in the circuit court of Montgomery Alabama. See *Little v. Gaston*, 232 So.3d 231(Ala.Civ.App.2017)(holding that " trial court, rather than federal authorities, had exclusive in rem jurisdiction over currency seized by state officer pursuant to a search warrant.") Because, in rem jurisdiction vested in the state court first, on May 16, 2017, this court did not and could not acquire valid in rem jurisdiction over the defendants in rem and was without authority to commence in rem forfeiture proceedings against the defendants in rem on December 8, 2017 Docs See *U.S. v. $270,000 in U.S.Currency plus interest*, 1 F.3d 1146, (11th Cir.1993)( "[W]here the [in rem] jurisdiction of the state court has first attached, the federal court is precluded from exercising its jurisdiction over the same res to defeat or impair the state court's jurisdiction.").

**II.   The United States failed to establish by a preponderance of the evidence that the defendant currency and other property was subject to forfeiture because the facts fail to establish the claimant's use of the funds and or personal property was used to violate the controlled substance laws of the United States.**

Property is subject to forfeiture when (1) it is furnished or intended to be furnished in exchange for a controlled substance, (2) it represents proceeds traceable to such an exchange, or

(3) it is used or intended to be used in illegal drug-trafficking. See 21 U.S.C. 881 (a)(6). "The evidence requires more than mere suspicion but less than prima-facie proof." See *United States v. $364 960 in U.S. Currency*, 661 F.2d 319,(5th Cir.) *U.S. v $191,000 in U.S. Currency*, 999 F.2d 1503; *United States v. One 1979 Porsche Coupe*, 709 F.2d 1424 (11th Cir. 1983). In civil forfeiture proceedings brought under this section, the Civil Asset Forfeiture Reform Act of 2000 controls the allocation of the party's burdens of proof. According to 18 U.S.C. § 983(c), the burden of proof is on the Government to establish, *by a preponderance of the evidence,* that the property is subject to forfeiture.(2) the Government may use evidence gathered after the filing of a complaint for forfeiture to establish, by a preponderance of the evidence, that property is subject to forfeiture; and (3) if the Government's theory of forfeiture is that the property was used to commit or facilitate the commission of a criminal offense, or was involved in the commission of a criminal offense, the Government shall establish that there was a *substantial connection* between the property and the offense. *Desaro v. U.S.*, 173 Fed.Appx 760 (11th Cir. 2006). The government's theory is that the defendant currency is proceeds of drug trafficking, or was exchanged for drugs, or was used to facilitate a violation of 21 USC 801 et seq.

**A.** ***In rem* defendants "Miscellaneous Jewelry", $4,550, $389,820, $15,550 in U.S. Currency are not subject to forfeiture**.

    21 U.S.C. 881 states

        **"(a) Subject property**

    The following shall be subject to forfeiture to the United States and no property right shall exist in them:"

    **"(1)** All controlled substances which have been manufactured, distributed, dispensed, or acquired in violation of this subchapter."

7

**"(2)** All raw materials, products, and equipment of any kind which are used, or intended for use, in manufacturing, compounding, processing, delivering, importing, or exporting any controlled substance or listed chemical in violation of this subchapter.

**"(3)** All property which is used, or intended for use, as a container for property described in paragraph (1), (2), or (9)."

**"(4)** All conveyances, including aircraft, vehicles, or vessels, which are used, or are intended for use, to transport, or in any manner to facilitate the transportation, sale, receipt, possession, or concealment of property described in paragraph (1), (2), or (9)."

**"(5)** All books, records, and research, including formulas, microfilm, tapes, and data which are used, or intended for use, in violation of this subchapter."

**"(6)** All moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of this subchapter, all proceeds traceable to such an exchange, and all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of this subchapter."

**"(7)** All real property, including any right, title, and interest (including any leasehold interest) in the whole of any lot or tract of land and any appurtenances or improvements, which is used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, a violation of this subchapter punishable by more than one year's imprisonment."

**"(8)** All controlled substances which have been possessed in violation of this subchapter."

"**(9)** All listed chemicals, all drug manufacturing equipment, all tableting machines, all encapsulating machines, and all gelatin capsules, which have been imported, exported, manufactured, possessed, distributed, dispensed, acquired, or intended to be distributed, dispensed, acquired, imported, or exported, in violation of this subchapter or subchapter II."

"**(10)** Any drug paraphernalia (as defined in section 863 of this title)."

"**(11)** Any firearm (as defined in section 921 of Title 18) used or intended to be used to facilitate the transportation, sale, receipt, possession, or concealment of property described in paragraph (1) or (2) and any proceeds traceable to such property."

"…"

**(1) Miscellaneous Jewelry is not subject to forfeiture.**

The "miscellaneous jewelry" including several gold necklaces and a Rolex watch does not satisfy any prong from 1-11 in 21 U.S.C. 881(a) as being subject to forfeiture. Moreover, nothing in the complaint articulates that the jewelry was furnished, or intended to be furnished for controlled substances as stated in the government's basis for forfeiture. See Doc.#1. Indeed, it would be merely a guess that the personal property was traceable to a drug exchange as the government has not proffered any facts connecting the jewelry to a controlled substance violation as opposed to the jewelry being a gift or being purchased with legitimate funds. As such, the claimant is entitled to judgment as a matter of law.

**(2) $4,550 in U.S. currency is not subject to forfeiture.**

Nothing in the facts that occurred on May 13, 2016, or discovered since the day the establishes that the $4,550 in U.S. currency found on Garth's person (Doc.#1) was intended to be furnished in exchange for drugs or the product of a drug exchange. It was not wrapped in

cellophane[1] or fabric softener sheets, or coffee grounds. Garth was not traveling to a source city, Again, there is no evidence connecting the defendant currency to drugs. $4,550.00 is not strong evidence of a connection to illegal drug activity. There is no direct or indirect evidence of Garth attempting to buy drugs at the time of its discovery. There were no drugs found on Garth's person. Garth was never charged with a drug trafficking offense. The government does not present any individual who asserts that Garth was going to buy drugs from him or her or with his cash or that someone was going to sell Garth drugs in exchange for the cash.

Therefore, the United States cannot establish that his funds were furnished or intended to be furnished in exchange for a controlled substance nor can the government trace the personal jewelry seized from the defendant's person to a particular drug transaction thus failing to establish the first prong of subjecting the defendant currency to forfeiture. As such, the claimant is entitled to judgment as a matter of law.

**(3) The 1972 Chevrolet Chevelle 396 and the $389,820 in U.S. Currency are not subject to forfeiture.**

> "**(4)** All conveyances, including aircraft, vehicles, or vessels, which are used, or are intended for use, to transport, or in any manner to facilitate the transportation, sale, receipt, possession, or concealment of property described in paragraph (1), (2), or (9)."

Here, the government's complaint does not set out any facts how the 1972 Chevrolet Chevelle 396 was used or intended to be used in any manner to "transport, facilitate the transportation, sale, receipt, possession, or concealment of property described in paragraph (1), (2), or (9) so as to subject the vehicle to forfeiture. This is so because (1) no drugs were found in the vehicle, (2)

---

[1] See U.S. v. $242,484.00, 389 F.3d 1149 (11th Cir. 2004)

no allegation that it was used to carry Garth or anyone else to a drug deal-past present or future, and (3) there is absolutely no evidence presented by the government in its complaint or otherwise to show that the car was purchased funds from controlled substances as opposed to any other legal source. As such, the claimant is entitled to judgment as a matter of law.

**In re $389, 820 in U.S. currency**

21 U.S.C. 881 goes on to say

"**(6)** All moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of this subchapter, all proceeds traceable to such an exchange, and all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of this subchapter."

There is nothing from the facts pled by the government in its complaint, Doc.#1, or facts gathered since then that establishes that the defendant used the $389,820 in U.S. currency to facilitate a violation of the subchapter, or that the $389,820 in U.S. currency was proceeds from a drug transaction in violation of the subchapter. The government's complaint does not set out any factual allegations that Garth violated any subchapter of §801. In fact, Garth was never charged with a drug offense related to the defendant property-state or federal. The government has not proffered any witness to testify that the $389,820 in U.S. currency was the proceeds of any drug transaction-past present or future. The $389,820 in U.S. currency was found in the trunk of Garth's Chevelle (Doc.#1) and there were no drugs found in anywhere in the vehicle or in the garage where the Chevelle was stored. The government merely proffers a large amount of currency and nothing more to aver that the funds are subject to forfeiture. This circuit has held that currency in any amount standing alone is insufficient to condemn. See *U.S. v. $121,100.00*

*in U.S. Currency* 999 F.2d 1503 (11th Cir. 1993)**.**("No court, to our knowledge, has held that the quantity of seized currency alone passes this totality of the circumstances test… Absent some evidence connecting specifically to illegal drugs even a large sum of money, there is no reasonable basis for believing that the money is substantially linked to an illegal exchange of a controlled substance.")   Therefore, there is not a substantial connection, much less any connection, between the defendant in rem, and an alleged violation of a subchapter of 21 U.S.C.801.  "We reiterate that the government may *not* seize money, even half a million dollars, based on its bare assumption that most people do not have huge sums of money lying about, and if they do, they must be involved in narcotics trafficking or some other sinister activity." *U.S. v. $506, 231,* 125 F.3d 442, 455 (7th Cir. 1997).   As such, the claimant is entitled to judgment as a matter of law.

**(4) $15,780 in U.S. currency is not subject to forfeiture.**

Again, nothing in the government's complaint or in a subsequent investigation sets out facts how the $15,780 in U.S. currency was used or intended to be used, to violate the controlled substance laws of the United States, or that it was proceeds of drug transaction. As such, the claimant is entitled to judgment as a matter of law.

**III.    The fact that Garth is unable to reveal the source for the funds does not establish that the funds are proceeds of drug trafficking or drug dealing.**

"The government may not require explanations for the existence of large quantities of money absent its ability to establish a valid narcotics-nexus." *U.S. v. $506, 231*, 125 F.3d 442,454  (7th Cir. 1997).  "Property of private citizens simply cannot be seized and held in an effort to compel the possessor to 'prove lawful possession.' "  *United States v. One Residence and Attached Garage of Anthony J. Accardo*, 603 F.2d 1231, 1234 (7th Cir.1979).

The government bears the burden of establishing that the defendant currency is subject to forfeiture. Only then does the burden shift and the claimant must prove the property is not subject to forfeiture or that he is an innocent owner. United States citizens are under no obligation to explain to any government agent the source or origin of their money. Such information is private and remains such absent cause to show otherwise.

Rodriguez Garth is deceased and cannot divulge the source of the funds. And because he cannot, that, in no way indicates the funds are subject to forfeiture or that the funds are proceeds of drug trafficking, or were used or intended to be used in a drug trafficking crime or were exchanged for drugs.

## **Conclusion**

When the government alleges §881(a)(6) as the theory of forfeiture, the government must establish that there was a substantial connection between the property and the offense. The government wholly fails to establish a substantial connection between the defendant currency, the defendant miscellaneous jewelry and a violation of the controlled substance laws because no one connected to the defendant res has been charged with a drug violation. Moreover, no allegations of a drug violation or a connection between the defendant res and a drug violation have been presented in the government's complaint. At most the government proffers drugs in proximity to particular assets which is insufficient to justify a forfeiture. See *United States v. Assorted Jewelry Valued of $44,328*.00, 833 F.3d 13 (1st Cir.2016)(" close proximity of the jewelry to the drugs were not facts sufficient by themselves to establish by a preponderance of the evidence that the jewelry was purchased with proceeds from defendant's illegal drug activity.")

In this case, not only is there no substantial connection between the property and the offense, there is no offense in which Garth was charged which the defendant currency was connected. The government has not alleged any particular act which would constitute an offense which this property is connected to that would subject it to forfeiture.

Wherefore, premises considered, the claimant prays that this court grant his motion for summary judgment.

Respectfully Submitted,

/s/ Michael L. Kidd
Attorney for Defendant/Claimant

## CERTIFICATE OF SERVICE

I certify that the foregoing was served upon the Honorable Rand Neeley Assistant United States Attorney for the Middle District of Alabama by electronic notification via the District Court Clerk's office.

/s/ Michael L. Kidd
**Of counsel**
138 Adams Ave. Suite III
Montgomery, AL  36104
334.834.5433
uakidd@gmail.com