IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:16-cv-985-ECM |
| | ) | |
| $389,820.00 IN UNITED STATES | ) | |
| CURRENCY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## RESPONSE TO CLAIMANT RUBY BARTON'S
## MOTION FOR SUMMARY JUDGMENT

Comes now Plaintiff, United States of America, by and through Louis V. Franklin, Sr.,

United States Attorney for the Middle District of Alabama, and in response to claimant Ruby

Barton's Motion for Summary Judgement (Doc. 95), states as follows:

## I.      Introduction

In sum and substance, claimant seeks a grant of summary judgment on the basis of three

arguments:  1) the Court lacks *in rem* jurisdiction over the res; 2) the defendant has failed to

establish a "substantial connection" between any of the res and criminal activity; and 3) the

absence of any evidence of the legitimate nature, source and or acquisition of any of the res does

not render it forfeitable.  As will be discussed below, each of claimant's assertions have been

either decided against her in this litigation and or "overlooks" the entirety of the circumstances.

The defendant submits that when the Court looks at, "[t]he aggregation of facts,"[1] . . . , "not with

clinical detachment but with a common sense view to the realities of normal life,"[2] it cannot be

---

[1]      *$67,220.00 in U.S. Currency,* 957 F.2d 280, 284 (6th Cir, 1992).

[2]      *U.S. v. $4,255,000.00,* 762 F.2d 895, 903–04 (11th Cir. 1986).

said that the plaintiff has not, at the very least, created a genuine issue of material fact as to whether any or all of the res is substantially connected to criminal activity.

## II.     The Applicable Legal Standard

### A)      Summary Judgment

Summary judgment is proper only when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23 (1986); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242,247-50 (1986); *United of Omaha Life Ins. Co. v. Sun Life Ins. Co. of America,* 894 F.2d 1555, 1557 (11th Cir. 1990). The moving party bears the burden of proving that no genuine issue of material fact exists. *O'Ferrell v. United States,* 253 F.3d 1257, 1265 (11th Cir. 2001). Moreover, a motion for summary judgment is evaluated by viewing the evidence and the inferences therefrom in the light most favorable to the party opposing the motion. *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 158-59 (1970); *Bannum, Inc. v. City of Fort Lauderdale,* 901 F.2d 989, 996 (11th Cir. 1990).  In applying this standard, the Eleventh Circuit has stated:

> The party seeking summary judgment bears the exacting burden of demonstrating that there is no genuine dispute as to any material fact in the case. *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 157, 90 S. Ct. 1598, 1608, 26 L. Ed. 2d 142 (1970); *Marsh,* 651 F.2d at 990-91. In assessing whether the movant has met this burden, the courts should view the evidence and all factual inferences therefrom in the light, most favorable to the party opposing the motion. *Adickes,* 398 U.S. at 157, 90 S. Ct. at 1608; *Marsh,* 651 F.2d at 991. All reasonable doubts about the facts should be resolved in favor of the non-movant. *Casey Enterprises v. Am. Hardware Mutual Ins. Co.,* 655 F.2d 598, 602 (5th Cir. 1981). If the record presents factual issues, the court must not decide them; it must deny the motion and proceed to trial. *Marsh,* 651 F.2d at 991; *Lighting Fixture & Elec. Supply Co. v. Continental Ins. Co.,* 420 F.2d 1211, 1213 (5th Cir. 1969). Summary judgment may be inappropriate even where the parties agree on the basic facts, but disagree about the inferences that should be drawn from these facts. *Lighting Fixture & Elec. Supply Co.,* 420 F.2d at 1213. If reasonable minds might differ on the inferences arising from undisputed facts, then the court should deny summary judgment. *Impossible Electronics,* 669 F.2d at 1031; *Croley v. Matson Navigation Co.,* 434 F.2d 73, 75 (5th Cir. 1970).

*Clemons v. Dougherty County, Ga.,* 684 F.2d 1365, 1368-69 (11th Cir. 1982). *See also Amey, Inc. v. Gulf Abstract & Title, Inc., 758* F.2d 1486, 1502 (11th Cir. 1985), *cert. denied,* 106 S. Ct. 1513 (1986).

        **B)**        **The Summary Judgment Standard and its Application in Civil Forfeiture**

Under the Civil Asset Forfeiture Reform Act, the United States must prove "by a preponderance of the evidence that the property is subject to forfeiture," that is, that there is a "substantial connection between" the property and illegal drug activity. 18 U.S.C. § 983(c)(1) and (3).  Pursuant to 21 U.S.C. § 881(a)(6), the government is not required to demonstrate that the seized currency was connected with any particular drug transaction; instead, the government need only show that the money was "related to some illegal drug transaction." *United States v. $242,484.00,* 389 F.3d 1149, 1160 (11th Cir.2004) (en banc).

It is noteworthy that, "[t]he aggregation of facts, each one insufficient standing alone, may suffice to meet the government's burden." *$67,220.00 in U.S. Currency,* 957 F.2d 280, 284 (6th Cir, 1992).  Thus, in civil forfeiture proceedings, "[c]ourts have been cautioned not to dissect strands of evidence as discrete and disconnected occurrences."  *United States v. Thomas,* 913 F.2d 1111, 1115 (4th Cir. 1990) (quotation marks and citations omitted).  In such cases, the Court must judge the evidence "not with clinical detachment but with a common sense view to the realities of normal life," in the "totality of the circumstances." *U.S. v. $4,255,000.00,* 762 F.2d 895, 903–04 (11th Cir. 1986).

Only after the United States has met its burden, does "the burden shift to the claimant to prove by a preponderance of the evidence a defense to the forfeiture or to prove that the property is not otherwise subject to forfeiture."  18 U.S.C. § 983(d)(1); *United States v. $21,000.00 in U.S. Postal Money Orders*, 298 F.Supp. 2d 597, 601 (E.D. Mich. 2003); *$52,000.00, more or less, in*

*United States Currency*, 508 F. Supp. 2d 1036 at 1040 (S.D. Ala. 2007) ; *see also United States v. $181,087.00 in U.S. Currency*, 2002 WL 31951270, *2-*3 (S.D. Ohio 2002).

### III.     ARGUMENT AND CITATIONS OF AUTHORITY

**A)     This Court has in rem jurisdiction over the defendant property.**

Claimant has previously litigated this very issue in this very case.  *See*, Docs. 37 and 40. The United States adopts and incorporates as if fully set forth herein the Memorandum Opinion and Order of the Honorable W. Harold Albritton, Senior United States District Judge, entered on June 28, 2017.  Doc. 37.

**B)     As to the jewelry, automobile and currency, the claimant has failed to establish there is no genuine issue of material fact.**

Claimant's motion, in essence, rests upon the mistaken assumption that if the plaintiff cannot establish a direct correlation between the jewelry, automobile, currency and some specific drug related criminal activity, she is entitled to a grant of summary judgment.  First, 21 U.S.C.A. § 881(a)(6) permits forfeiture of, "[a]ll **moneys**, negotiable instruments, securities, or **other things of value** furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of this subchapter, **all proceeds traceable** to such an exchange, and **all moneys, negotiable instruments, and securities used or intended to be used to facilitate** any violation of this subchapter.  (Emphasis added).  Each of the items sought to be forfeited are money, or things of value which represent proceeds traceable "to such an exchange," or money, "intended to be used to facilitate,' a violation.

Second, the claimant's motion completely ignores the fact that the defendant $389,820.00 was stashed in the trunk of the defendant Chevelle automobile located in the garage attached to the home in which the defendant $15,780.00 was discovered along with 441 pounds of marijuana and in excess of 1.6 kilograms of suspected cocaine.  It similarly ignores the fact the

4

"'miscellaneous jewelry' including several gold necklaces and a Rolex watch," were recovered

from the deceased and or his residence.

Needless to say, the claimant ignores the plethora of caselaw that holds:

"To obtain civil forfeiture, the government must establish by a preponderance of evidence 'a substantial connection between the property and the offense.' " *$291,828.00 In United States Currency,* 536 F.3d at 1237[3] (citation omitted); *accord $52,000.00, More or Less, In United States Currency,* 508 F.Supp.2d at 1040. "The Government need not, however, prove that money [or other property] is traceable to a *specific transaction in illicit drugs;* it need only prove by a preponderance of the evidence that the money is *substantially connected* to drug trafficking generally." *$52,000.00, More or Less, In United States Currency,* 508 F.Supp.2d at 1040[4] (emphasis in original); *accord United States v. $183,791.00 In United States Currency,* 391 Fed. Appx. 791, 794 (11th Cir. August 9, 2010) (noting that the court looks at the "totality of the circumstances," which may include circumstantial evidence, the court affirmed that "the government is not required to produce evidence connecting the money to a particular narcotics transaction"); *United States v. $22,991.00, More or Less, In United States Currency,* 227 F.Supp.2d 1220, 1231 (S.D.Ala.2002) ("there [is] no requirement that the government tender direct evidence of a connection between the subject property and a specific drug transaction[,]" and "the presentation of circumstantial evidence by the government [is] a permissible form of proof in a civil forfeiture action").

*United States v. One 2008 Chevrolet Tahoe C1500*, 2011 WL 176887, at *7 (N.D. Ga. Jan. 19,

2011).

Claimant discounts, or more precisely, ignores, the overwhelming circumstantial

evidence that indicates that there is at least a genuine issue of material fact regarding the means

by which the deceased was able to acquire such a substantial amount of cash, numerous pieces of

"miscellaneous jewelry" to include a Rolex watch, and the 1972 Chevrolet Chevelle

---

[3]      *United States v. $291,828.00 In United States Currency,* 536 F.3d 1234 (11th Cir.2008).

[4]      *United States v. $52,000.00, More or Less, In United States Currency,* 508 F.Supp.2d 1036 (S.D.Ala.2007).

automobile.[5]  Similarly the claimant does not even attempt to explain how the deceased's

possession of 441 pounds of marijuana and in excess of 1.6 kilograms was mere happenstance

and in no way connected or indicative of the manner and means by which he accumulated such

wealth.

Clearly, when viewed in the light most favorable to the non-movant, the evidence and all

factual inferences to be drawn therefrom, at the very least, raise genuine issues of material fact

such that the claimant's motion for summary judgment is due to be denied.

> **C)     The claimant's failure to provide evidence regarding the
> source of approximately $410,000.00, the acquisition of the
> jewelry and the 1972 Chevrolet Chevelle and the
> contemporaneous possession of 441 pounds of marijuana and
> in excess of 1.6 kilograms of cocaine, raises, at the very least, a
> genuine issue of material fact.**

The plaintiff does not dispute that, "[t]he government may not require explanations for

the existence of large quantities of money absent its ability to establish a valid narcotics-nexus."

*United States v. $506,231*, 125 F.3d 442 at 454 (7th Cir. 1997).  But such is not the case here.

As has been oft stated, the defendant $389,820.00 was stashed in the trunk of the defendant

Chevelle automobile located in the garage attached to the home in which the defendant

$15,780.00 was discovered along with 441 pounds of marijuana and in excess of 1.6 kilograms

of suspected cocaine.  Additionally, "'miscellaneous jewelry' including several gold necklaces

and a Rolex watch," were recovered from the deceased and or his residence.  That the home and

automobile were the property of the deceased is undisputed, thus a sufficient nexus exists

between the deceased's property and his possession with intent to distribute controlled

substances.

---

[5]     The United States in no way intends to imply that it is not entitled to a grant of summary
judgment as set forth in its' motion for same.  (Docs. 90 and 91).

The "narcotics-nexus" established, the claimant's reliance on the principle that substantial amounts of currency and other expensive items is insufficient to support forfeiture is misplaced. Moreover, the "narcotics-nexus" established, the claimant must come forward with some explanation of the manner in which her decedent acquired such a substantial amount of cash, assorted jewelry and the Chevelle automobile in some way other than that suggested by the presence of 441 pounds of marijuana and in excess of 1.6 kilograms in his residence. The claimant offered no such evidence during the course of her deposition and offers none in her motion for summary judgment. This lack of explanation, just one of the many elements making up the totality of circumstances, renders claimant's request for summary judgment lacking merit and suggests the property in question was derived from drug trafficking activities. *See generally United States v. Carrell,* 252 F.3d 1193, 1201 (11th Cir.2001) (internal quotations and citations omitted) (evidence that a claimant has "no visible source of substantial income" is probative evidence in a civil forfeiture action); *United States v. $174,206.00 in U.S. Currency,* 320 F.3d 658, 662 (6th Cir.2003) ("[E]vidence of legitimate income that is insufficient to explain the large amount of property seized, unrebutted by any evidence pointing to any other source of legitimate income or any evidence indicating innocent ownership, satisfies the burden imposed by the statute."); *United States v. $52,000.00, More or Less, in U.S. Currency,* 508 F.Supp.2d 1036, 1042 (S.D.Ala.2007) ("In civil forfeiture cases, the absence of an apparent, verifiable, or legitimate source of substantial income is probative evidence of a substantial connection to illegal activity.").

WHEREFORE, premises considered, the claimant's Motion for Summary Judgment is due to be and should be denied.

Respectfully submitted this 8th day of July, 2019.

LOUIS V. FRANKLIN, SR.
UNITED STATES ATTORNEY


/s/R. Randolph Neeley_____
R. RANDOLPH NEELEY
Assistant United States Attorney
131 Clayton Street
Montgomery, Alabama 36104
Telephone: (334) 223-7280
Facsimile: (334) 223-7106
E-mail: Rand.Neeley@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:16-cv-985-ECM |
| | ) | |
| $389,820.00 IN UNITED STATES CURRENCY, et al., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on July 8, 2019, I electronically filed the foregoing with the Clerk of

the Court using the CM/ECF system which will send notification to all counsel of record.


/s/R. Randolph Neeley_____
Assistant United States Attorney

9