**UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT**

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

October 07, 2020

MEMORANDUM TO COUNSEL OR PARTIES

Appeal Number: 19-14476-EE
Case Style: USA v. $389,820.00 in United States, et al
District Court Docket No: 2:16-cv-00985-ECM-WC

**This Court requires all counsel to file documents electronically using the Electronic Case Files ("ECF") system, unless exempted for good cause. Non-incarcerated pro se parties are permitted to use the ECF system by registering for an account at www.pacer.gov. Information and training materials related to electronic filing, are available at www.ca11.uscourts.gov.** Enclosed is a copy of the court's decision filed today in this appeal. Judgment has this day been entered pursuant to FRAP 36. The court's mandate will issue at a later date in accordance with FRAP 41(b).

The time for filing a petition for rehearing is governed by 11th Cir. R. 40-3, and the time for filing a petition for rehearing en banc is governed by 11th Cir. R. 35-2. Except as otherwise provided by FRAP 25(a) for inmate filings, a petition for rehearing or for rehearing en banc is timely only if received in the clerk's office within the time specified in the rules. Costs are governed by FRAP 39 and 11th Cir.R. 39-1. The timing, format, and content of a motion for attorney's fees and an objection thereto is governed by 11th Cir. R. 39-2 and 39-3.

Please note that a petition for rehearing en banc must include in the Certificate of Interested Persons a complete list of all persons and entities listed on all certificates previously filed by any party in the appeal. See 11th Cir. R. 26.1-1. In addition, a copy of the opinion sought to be reheard must be included in any petition for rehearing or petition for rehearing en banc. See 11th Cir. R. 35-5(k) and 40-1 .

Counsel appointed under the Criminal Justice Act (CJA) must submit a voucher claiming compensation for time spent on the appeal no later than 60 days after either issuance of mandate or filing with the U.S. Supreme Court of a petition for writ of certiorari (whichever is later) via the eVoucher system. Please contact the CJA Team at (404) 335-6167 or cja_evoucher@ca11.uscourts.gov for questions regarding CJA vouchers or the eVoucher system.

Pursuant to Fed.R.App.P. 39, cots taxed against the appellee.

Please use the most recent version of the Bill of Costs form available on the court's website at www.ca11.uscourts.gov.

For questions concerning the issuance of the decision of this court, please call the number referenced in the signature block below. For all other questions, please call Elora Jackson, EE at (404) 335-6173.

Sincerely,

DAVID J. SMITH, Clerk of Court

Reply to: Djuanna H. Clark
Phone #: 404-335-6151

OPIN-1A Issuance of Opinion With Costs

[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-14476
Non-Argument Calendar
_____

D.C. Docket No. 2:16-cv-00985-ECM

UNITED STATES OF AMERICA,

                                            Plaintiff - Appellee,

versus

$389,820.00 IN UNITED STATES CURRENCY, et al.,

                                            Defendants - Appellants.

_____

Appeal from the United States District Court
for the Middle District of Alabama
_____

(October 7, 2020)

Before WILSON, MARTIN, and ANDERSON, Circuit Judges.

PER CURIAM:

      Ruby Barton appeals the district court's order denying her motion to dismiss for lack of jurisdiction in this forfeiture action. Barton argues that the district court

lacked in rem jurisdiction over the defendant property. We agree, and therefore reverse the ruling of the district court.

## I.

On May 13, 2016, the Millbrook Police Department in Alabama responded to a 911 call stating that a person had been shot. The police officers and medical personnel located Rodriguez Garth at a local Sonic Drive-In restaurant. After Garth was transferred to a hospital in Montgomery, officers seized $4,550.00 from Garth's vehicle and his person. Garth died about one month after the shooting.

An investigation revealed that Garth had been shot at his residence in Millbrook, after which he drove himself to the restaurant. On May 14, 2016, officers obtained a warrant, issued by an Alabama state court, to search Garth's residence for evidence related to the shooting. When executing the warrant that same day, officers noticed illegal narcotics, and the Alabama state court issued a second search warrant permitting officers to search Garth's residence and any vehicles on the property for evidence related to the narcotics. During the search, officers found and seized several hundred thousand dollars in U.S. currency, assorted jewelry, and a Chevrolet Chevelle.

On December 20, 2016, the United States filed a verified complaint in federal district court, seeking forfeiture of the currency, jewelry, and Chevrolet as defendants in rem (the "defendant property"). The district court issued warrants of

arrest in rem for the defendant property on December 21, 2016, which were executed shortly thereafter. Ruby Barton, as personal representative and executor of Garth's estate, soon after filed a claim for the defendant property in the district court.

Barton then filed a motion to dismiss the government's complaint for lack of jurisdiction in the district court. Relevant to this appeal, Barton argued that the state court had in rem jurisdiction over the defendant property at the time the district court issued the warrants of arrest in rem, and thus the district court lacked in rem jurisdiction over the defendant property. On May 3, 2017, before the district court decided Barton's motion to dismiss, the state court entered an order turning over the defendant property to the government for purposes of the federal forfeiture proceeding.

The district court rejected Barton's argument that it lacked jurisdiction and denied her motion to dismiss. Specifically, looking to the May 3, 2017 turn-over order, the district court held that "any lack of jurisdiction over the property that was within the constructive control of the state at the time of the Government's original filing[] does not affect the court's jurisdiction over the property now that it has been properly turned over to the federal authorities for forfeiture."

Barton later filed a motion to suppress, arguing that the initial search warrant was not supported by probable cause. The district court denied her motion. The

district court also granted the government's motion for summary judgment and entered its decree of forfeiture of the defendant property. Barton appealed, arguing again here that the district court lacked in rem jurisdiction over the defendant property and that any evidence obtained pursuant to the initial search warrant should be suppressed.[1]

## II.

We review de novo a district court's ruling on questions of jurisdiction, Fastcase, Inc. v. Lawriter, LLC, 907 F.3d 1335, 1339 (11th Cir. 2018), which include whether a court has in rem jurisdiction to proceed against defendant property, see United States v. Four Parcels of Real Prop. in Greene & Tuscaloosa Ctys., 941 F.2d 1428, 1435 (11th Cir. 1991) (en banc).

Federal courts have jurisdiction over "any action or proceeding for the recovery or enforcement of any fine, penalty, or forfeiture, pecuniary or otherwise, incurred under any Act of Congress." 28 U.S.C. § 1355(a). "All moneys . . . furnished or intended to be furnished by any person in exchange for a controlled substance" and "all proceeds traceable to such an exchange" are "subject to

---

[1] Because we conclude the district court lacked jurisdiction, we do not consider the district court's decision on the motion to suppress. See Burr & Forman v. Blair, 470 F.3d 1019, 1035 (11th Cir. 2006) ("Without jurisdiction the court cannot proceed at all in any cause." (quoting Ex parte McCardle, 74 U.S. 506, 514, 7 Wall. 506, 514 (1868))).

forfeiture to the United States and no property right shall exist in them." 21 U.S.C. § 881(a)(6).

These statutes give federal courts jurisdiction over certain forfeiture actions. However, in these actions, a federal court must also have in rem jurisdiction over the defendant property. See Four Parcels of Real Prop., 941 F.2d at 1435. Important here, a "state court and a federal court cannot simultaneously exercise in rem jurisdiction over the same property." United States v. $270,000.00 in U.S. Currency, Plus Interest, 1 F.3d 1146, 1147 (11th Cir. 1993) (per curiam). Instead, "the court first assuming jurisdiction over the property may maintain and exercise that jurisdiction to the exclusion of the other." Id. at 1148 (quotation marks omitted); see also Key v. Wise, 629 F.2d 1049, 1059 (5th Cir. 1980) ("The assumption of jurisdiction over an action in rem establishes a bar to any other action in rem or quasi in rem respecting the same property until the first court's jurisdiction is properly terminated.").[2]

For the purposes of this appeal, the government agrees that the state court first assumed in rem jurisdiction over the defendant property when the property was seized pursuant to the state court warrant on May 14, 2016. See Little v. Gaston, 232 So. 3d 231, 235 (Ala. Civ. App. 2017) ("[A] court issuing a search

---

[2] In Bonner v. City of Prichard, 661 F.2d 1206 (11th Cir. 1981) (en banc), we adopted as binding precedent all decisions of the former Fifth Circuit handed down before October 1, 1981. Id. at 1209.

warrant . . . assumes constructive control over the seized property" and, "[a]s such, the <u>in rem</u> jurisdiction of the trial court attache[s] upon the moment of seizure."). The government also acknowledges that the district court could not acquire in rem jurisdiction over the defendant property until at least May 3, 2017 when the state court entered the turn-over order.

Thus, the district court lacked in rem jurisdiction over the defendant property when it first proceeded against the property in December 2016. No one here disputes that the state court had in rem jurisdiction over the defendant property between May 14, 2016 and at least May 3, 2017. The government filed the complaint in the district court on December 20, 2016, and the district court issued the warrants of arrest in rem against the defendant property on December 21, 2016. Because a "state court and a federal court cannot simultaneously exercise in rem jurisdiction over the same property," $270,000.00, 1 F.3d at 1147, the district court undeniably lacked jurisdiction in December 2016.

The government argues it is "of no matter" that the "forfeiture complaint was filed prior to the turnover order." Instead, it says the state court's May 3, 2017 turn-over order "relinquish[ed] its control of the Defendants to federal authorities and thus the District Court," such that the district court now has jurisdiction over the defendant property.

For support, the government cites an unpublished district court case from Indiana. In the Indiana case, the court held that "the fact that the complaint for forfeiture preceded the turnover order in this case does not prohibit [the district court's] jurisdiction over the property." United States v. $99,000 U.S. Currency, 2011 WL 2470665, at *5 (S.D. Ind. June 17, 2011) (unpublished). The court reasoned that "the state court subsequently issued a valid turnover order and thereby properly gave [the district court] jurisdiction over the defendant res." Id.

We reject the position of the government as well as that of the Indiana district court. It may be that as a result of the state court's turn-over order, the district court could now exercise jurisdiction over the defendant property. But here the undisputed fact remains that the district court lacked jurisdiction when it first proceeded against the defendant property in December 2016. "Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." Burr & Forman, 470 F.3d at 1035 (quoting Ex parte McCardle, 74 U.S. at 514, 7 Wall. at 514).

We therefore reverse the district court's decision denying Barton's motion to dismiss for lack of jurisdiction. We recognize that this decision is not necessarily the end of the government's forfeiture action. Given the state court's turn-over order, the district court may be able to exercise jurisdiction over the defendant

7

property. We remand this case to the district court so that it may consider that issue in the first instance.

**REVERSED AND REMANDED.**