IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Civ. No. 2:16-CV-985-ECM-WC |
| | ) |
| $389,820.00 IN UNITED STATES CURRENCY et al. | ) |
| | ) |
| Defendants. | ) |

## RESPONSE TO SECOND MOTION TO DISMISS FOR LACK OF IN REM JURISDICTION

The United States of America (the "government") respectfully submits this response to claimant Ruby Barton's motion to dismiss for lack of in rem jurisdiction. Doc. 128. On appeal, the Eleventh Circuit determined that this Court did not have jurisdiction at the beginning of this action, and thus the present case should be dismissed. Doc. 128-1 at 7. In addition to seeking to have this case dismissed pursuant to that decision, Barton also seeks the substantive relief of having the Court order the return of the subject property to the Elmore, Alabama County Sheriff. Doc. 128 at 1. Although the government agrees this particular case is due to be dismissed, that action is the only one this Court should take at this time. The question of what happens to the property is one for another day.

Because of the jurisdictional defect, the Eleventh Circuit did not reach a substantive merits decision in this case, noting that it remained an open question whether after the state relinquished custody and control of the property via "the state court's turn-over order, the district court could now exercise jurisdiction over the defendant property." *Id.* Thus, although the Eleventh Circuit found that this Court lacked jurisdiction due to the premature filing of the government, it acknowledged that the district court likely could exercise jurisdiction over this property in a new action. *Id.* at 7–8. But in the present case, however, the only power the Court has is to dismiss the case. Given the fundamental jurisdictional defect that the Eleventh Circuit found, the Court does not have the authority in the present action to grant the claimant the relief she seeks and return the property to the sheriff. *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006) ("[W]hen a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety."); *Burr & Forman v. Blaire*, 470 F.3d 1019, 1035 (11th Cir. 2006) ("Without jurisdiction the court cannot proceed at all in any cause.") (citations omitted).

Therefore, the government requests this Court enter an order dismissing this action with leave to refile. Once the government initiates a new action, this Court can consider anew and with proper jurisdiction both the substantive arguments of

the government and the claimant's request for the Court to release property to the Elmore, Alabama County Sheriff.[1]

Respectfully submitted this 2nd day of December, 2020.

LOUIS V. FRANKLIN, SR.
UNITED STATES ATTORNEY

/s/ Verne H. Speirs
VERNE H. SPEIRS
Assistant United States Attorney

---

[1] In the alternative, the claimant could file a new action seeking the release of the property.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Civ. No. 2:16-CV-985-ECM-WC |
| | ) |
| $389,820.00 IN UNITED STATES CURRENCY et al. | ) |
| | ) |
| Defendants. | ) |

CERTIFICATE OF SERVICE

I hereby certify that on December 2, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will serve it upon counsel of record for the Defendants.

                              Respectfully submitted,

                              LOUIS V. FRANKLIN, SR.
                              UNITED STATES ATTORNEY

                              /s/ Verne H. Speirs
                              VERNE H. SPEIRS
                              Assistant United States Attorney