IN THE UNITED STATES DISTRICT COURT
FOR MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) CIVIL ACTION NO. 2:16-cv-985-ECM |
| $389,820.00 IN UNITED STATES CURRENCY, *et al.*, | ) |
| Defendants. | ) |

## NOTICE OF DISPOSITION OF ASSETS

Plaintiff, the United States of America (hereinafter, United States), by and through Louis V. Franklin, Sr., United States Attorney for the Middle District of Alabama, and Verne H. Speirs, Assistant United States Attorney, submits this Notice of Disposition of Assets in response to Claimant Ruby Barton's (hereinafter, Barton) motion to reconsider this Court's order dismissing the case without prejudice as a result of the 11th Circuit's decision that it did not have jurisdiction over the Defendant property at the time this action began[1]. Because Barton never filed a motion to stay the disposition of the Defendant property pending her appeal, the Government, in compliance with DOJ policy, has appropriately disposed of the Defendants. The following is a timeline of events leading to the disposition of the Defendants as well as their current status:

---

[1] In sum, Barton appealed the district court's order denying her motion to dismiss for lack of jurisdiction in this forfeiture action arguing the district court lacked *in rem* jurisdiction over the Defendant property at the time Complaint was filed. Barton argued that the Elmore County, Alabama district court acquired *in rem* jurisdiction over the Defendants first when they were seized using process issued by that court. Additionally, Barton argued that the state court "transfer order" which occurred after the filing of this case, and after federal agents were in possession of the Defendants, did not give the district court jurisdiction over the Defendants because that action was filed when the district court lacked authority to hear the matter. Further, Barton asserts the instant case is a void action as it was filed in a court lacking *in rem* jurisdiction. The 11th Circuit reversed the district court's decision denying Barton's motion to dismiss for lack of jurisdiction stating "the district court lacked jurisdiction when it first proceeded against the defendant property in December 2016." However, it recognized that its decision did not necessarily end the Government's forfeiture action stating, "Given the state court's turn-over order, the district court may be able to exercise jurisdiction over the defendant property" thereby rejecting Barton's assertion that the instant case was void.

1. On December 20, 2016, the United States filed its Verified Complaint for Forfeiture *in Rem* alleging Defendants $389,820.00, $15,780.00, $4,550.00, a 1972 Chevrolet Chevelle, SS396, and miscellaneous jewelry were subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6), for violations of 21 U.S.C. §§ 841(a)(1) (drug distribution) and 846 (conspiracy to commit a violation of the Controlled Substances Act). (Doc. 1)

2. On February 15, 2017, Barton filed a Verified Claim of the Estate of Rodriguez Garth (hereinafter, Estate) in her capacity as personal representative and executor of the Estate, alleging the Estate to be the lawful owner of the Defendants. (Doc. 12)

3. On March 3, 2017, the Alabama Court of Civil Appeals clarified state forfeiture laws explaining that when property is seized pursuant to a state court-issued warrant, the state court acquires constructive possession of the seized property upon the moment of seizure, and *in rem* jurisdiction. *See Little v. Gaston*, 232 So.3d 231 (Ala.Civ.App.2017).

4. On March 22, 2017, Barton filed her First Motion to Dismiss for Lack of Jurisdiction or *In Rem* Jurisdiction alleging the Defendants were under the *in rem* jurisdiction of the Elmore County District Court and Elmore County Circuit Court based, in part, on the March 3, 2017 decision entered by the Alabama Court of Civil Appeals in *Little v. Gaston*. (Doc. 14)

5. On May 2, 2017, Assistant District Attorney Kristy Peoples for the 19th Judicial Circuit filed a Motion for Turnover Order in the Elmore County Circuit Court requesting that court enter an order to turn over the Defendant property for purposes of this federal forfeiture proceeding, thereby relinquishing any jurisdiction that court might have over the property. (Doc. # 26-1)

6. On May, 3, 2017, Elmore County Circuit Court Judge Sibley G. Reynolds granted the Elmore County District Attorney's Motion for Turnover Order and entered an Order to

Turnover Property pursuant to the authority in *Little v. Gaston*, thereby transferring *in rem* jurisdiction over the Defendants from state court to federal court. (Doc. 26-2) On that same day, the Government filed its Third Supplemental Response to Motion to Dismiss for Lack of Subject Matter Jurisdiction Over the Defendants *In Rem* alerting the Court of the entry of the turnover order and the Government's compliance with newly clarified state forfeiture laws. (Doc. 26)

7. On June 28, 2017, United States District Court Judge W. Harold Albritton entered an order denying the Claimant's Motion to Dismiss for Lack of Subject Matter Jurisdiction. (Doc. 37)

8. On April 15, 2019 and April 17, 2019, the United States filed Motions for the Interlocutory Sale of Defendants Miscellaneous Jewelry and 1972 Chevrolet Chevelle, respectively, in order to preserve the value of the Defendants for the benefit of the United States and the Claimant. (Docs. 76, 78) No objection was filed by Barton.

9. On June 12, 2019, the United States filed its Motion for Summary Judgment and brief in support thereof. (Docs. 90-91)

10. On June 6, 2019, Barton filed her Motion for Summary Judgment and Brief in Support. (Doc. 95) On October 4, 2019, this Court entered a Memorandum Opinion and Order granting the Government's motion for summary judgment, denying the Claimant's motion for summary judgment, and forfeiting Defendants to the United States. (Doc. 103) On that same day, the United States filed its Motion for Decree of Forfeiture. (Doc. 105)

11. On October 15, 2019, this Court entered a Decree of Forfeiture stating "the Defendants are hereby forfeited to the United States, to be disposed of according to law, and no right, title or interest in the Defendants shall exist in any other party." (Doc. 106)

12. Title 28, United States Code, Section 1355(c) states "in any case in which a final order disposing of property in a civil forfeiture action or proceeding is appealed, removal of the property by the prevailing party shall not deprive the court of jurisdiction. *Upon motion of the appealing party*, the district court or the court of appeals shall issue any order necessary to preserve the right of the appealing party to the full value of the property at issue, including a stay of the judgment of the district court pending appeal or requiring the prevailing party to post an appeal bond." ([Emphasis added]). At no time following the entry of this Court's order granting the Government's motion for summary judgment, which forfeited the property to the United States, has the claimant requested to stay any order directing the forfeiture of the Defendants or to delay the disposal of the assets[2].

13. Based upon information and belief, the United States understands that counsel for Barton wishes to inspect the original assets despite previous notice of the government's intent to dispose of the defendant property, including the United States' Motion for Interlocutory Sale of Defendant Miscellaneous Jewelry filed April 15, 2019 (Doc. 76), and the United States' Motion for Interlocutory Sale of Defendant 1972 Chevrolet Chevelle filed April 17, 2019. (Doc. 78) Counsel for Claimant did not file any document in opposition of these motions, and they were denied as moot upon this Court's entry of its Memorandum Opinion and Order granting the Government's motion for summary judgment, which forfeited the property[3]. (Doc. 103)

---

[2] Beyond failing to move under 28 U.S.C. § 1355(c), Barton did not seek any companion relief under Rule 32.2(d) of the Federal Rules of Criminal Procedure. Pursuant to Rule 32.2(d), "if a defendant appeals from a conviction or an order of forfeiture, the court may stay the order of forfeiture on terms appropriate to ensure that the property remains available pending appellate review." In short, Barton failed to pursue any avenue available to her to preserve the assets, stay the order of forfeiture, or delay the disposal of the assets under 28 U.S.C. § 1355(c), or the criminal companion rule under Rule 32.2(d) of the Federal Rules of Criminal Procedure.

[3] While Barton failed to request relief under 28 U.S.C. § 1355(c) and/or Rule 32.2(d) to preserve the value of Defendants 1972 Chevrolet Chevelle and Miscellaneous Jewelry, the Government moved forward with the sale of said Defendants upon entry of the order granting its motion for summary judgment to preserve their value. As such, no party has been deprived of the full value of the property.

14. Per Department of Justice (Department) policy, in scenarios where the Government seizes funds or liquidates a seized asset prior to forfeiture, the proceeds are deposited into the Seized Asset Deposit Fund (SADF). The SADF is a holding account established administratively by the Department to receive seized cash, proceeds from the sale of seized property, and receipts from income producing assets seized for forfeiture pursuant to any law enforced or administered by the Department. After entry of an order of forfeiture, funds are transferred from the SADF to the Assets Forfeiture Fund (AFF).

15. In the instant case, Defendants $389,820.00 in U.S. Currency, $15,780.00 in U.S. Currency, and $4.550.00 in U.S. Currency were deposited into the SADF immediately upon seizure, and transferred to the AFF after the entry of the Decree of Forfeiture. Funds from the sale of Defendant 1972 Chevrolet Chevelle were deposited into the AFF on October 28, 2019, following the sale of the vehicle. Funds from the sale of Defendant Miscellaneous Jewelry remain in the SADF as the sale took place after the Claimant's Notice of Appeal. The details of deposits are as follows:

   a. Defendant $389,820.00 – Funds Deposited into the AFF on October 17, 2019 (Doc. 109);

   b. Defendant $4,550.00 – Funds deposited into the AFF on October 17, 2019 (Doc. 110);

   c. Defendant $15,780.00 – Funds deposited into the AFF on October 17, 2019 (Doc. 111);

   d. Defendant 1972 Chevrolet Chevelle – Sold via online auction on October 8, 2019 for $23,525.00. Funds deposited into the AFF (Doc. 112);

    e.  Defendant Miscellaneous Jewelry – Sold on February 12, 2020 and June 3, 2020 for a total of $49,022.00.  Because the government was made aware of the Claimant's appeal by the filing of a Notice of Appeal on November 7, 2019, which was prior to the sale of the jewelry, the proceeds from those sales remain in the SADF.

16. On December 10, 2020, more than a year after this Court's initial order of forfeiture, Barton filed a Motion to Reconsider Order and Final Judgment requesting the return of the property to the ECSO.  (Doc. 133)  As of today's date, said motion is pending before this Honorable Court.

Respectfully submitted this 3rd day of February, 2021.

            LOUIS V. FRANKLIN, SR.
            UNITED STATES ATTORNEY


            /s/Verne H. Speirs
            VERNE H. SPEIRS
            Assistant United States Attorney
            131 Clayton Street
            Montgomery, Alabama 36104
            Telephone: (334) 223-7280
            Facsimile: (334) 223-7106
            E-mail: Verne.Speirs@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
FOR MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:16-cv-985-ECM |
| | ) | |
| $389,820.00 IN UNITED STATES CURRENCY, *et al.*, | ) ) | |
| | ) | |
| Defendants. | ) | |

**CERTIFICATE OF SERVICE**

I hereby certify that on February 3, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

Respectfully submitted,

/s/Verne H. Speirs
VERNE H. SPEIRS
Assistant United States Attorney