IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | )  Civ. Act. No. 2:16-cv-985-ECM ) (WO) |
| $389,820.00 IN UNITED STATES CURRENCY, *et al.*, | ) ) ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Before the Court is the Claimant's Motion to Reconsider Order and Final Judgment. (Doc. 133).  For the reasons that follow, the Court concludes that the motion is due to be denied.

On December 4, 2020, the Court entered an Order granting the Claimant's Motion to Dismiss for Lack of *In Rem* Jurisdiction (doc. 131) and a Final Judgment dismissing the case without prejudice (doc. 132).  Thereafter, the Claimant filed a motion to reconsider, asserting that, although the Court lacked *in rem* jurisdiction over the defendant *res*, the Court should order the return of the *res* to the Elmore County Alabama Sheriff or Circuit Court.  (Doc. 133).  In so doing, the Claimant submits that although the Court lacks jurisdiction over the defendant *res*, the Court has the power, or perhaps obligation, to return the property to the Elmore County Sheriff or Circuit Court.

"A party moving the court to alter or amend its judgment pursuant to Rule 59(e) faces an extremely heavy burden." *Scharff v. Wyeth*, 2012 WL 3149248 at *1 (M.D. Ala.

1

2012). "[R]econsideration of a previous order is an extraordinary remedy to be employed sparingly." *Id*. (quoting *Sussman v. Salem, Saxon & Nielson, P.A.*, 153 F.R.D. 689, 694 (M.D. Fla. 1994)). Moreover, "Rule 59(e) was not constructed 'to give the moving party another bite at the apple . . .'" *Id*. (quoting *Mincey v. Head*, 206 F.3d 1106, 1137 n.69 (11th Cir. 2000). "[A[ Rule 59(e) motion [cannot be used] to relitigate old matters, raise argument[s] or present evidence that could have been raised prior to the entry of judgment." *PBT Real Estate, LLC v. Town of Palm Beach*, 988 F.3d 1274, 1287 (11th Cir. 2021) (alteration in original)(quoting *Michael Linet, Inc. v. Village of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005); *Grange Mut. Cas. Co. v. Slaughter*, 958 F.3d 1050, 1059 (11th Cir. 2020)(same). "The only grounds for granting a Rule 59 motion are newly discovered evidence or manifest errors of law or fact." *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) (quoting *In re Kellogg*, 197 F.3d 1116, 1119 (11th Cir. 1999)).

As the Court explained in its initial opinion, without jurisdiction, the Court lacks the power "to do anything other than dismiss this action." (Doc. 131 at 2). In the motion to reconsider, the Claimant, for the first time, offers arguments and authority to support her claim that the defendant *res* should or must be returned to Elmore County. The Government responds that although the instant "forfeiture proceeding itself was premature and void from the start," that fact "does not invalidate a state court order turning over jurisdiction over the *res* to this Court." (Doc. 136 at 3). Indeed, although the Eleventh Circuit reversed the denial of the Claimant's motion for dismiss for lack of jurisdiction, it did not remand with instructions to return the *res* to the Elmore County Sheriff or Circuit Court. Instead, it specifically referenced the state's turn-over order as potentially having

2

an effect on whether the court may be able to exercise jurisdiction over the *res*.  Thus, it appears that the Eleventh Circuit did not consider the district court's jurisdictional defect as invalidating the turn-over order from the state court.  And the Claimant offers no authority for a contrary finding.

In any event, the arguments and authorities offered by the Claimant were raised for the first time in her motion to reconsider.  As such, she runs afoul of Rule 59.  The Claimant makes no showing that the motion is premised on newly discovered evidence or manifest factual or legal errors.  Instead, the Claimant offers equivocating arguments that the Court either has the power or the obligation to take the requested action.  In light of the Government's representation that it has "now filed a new complaint, with proper jurisdiction, in which the claimant may make its arguments for relief," (doc. 136 at 5), the Court finds that the arguments raised by the Claimant for the first time in her motion to reconsider do not merit relief from the Court's Order and Final Judgment.

For these reasons it is

ORDERED that the Claimant's Motion to Reconsider Order and Final Judgment, (doc. 133) is DENIED.

DONE this 16th day of September, 2021.

                                   /s/ Emily C. Marks  
                                 EMILY C. MARKS  
                                 CHIEF UNITED STATES DISTRICT JUDGE