IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   CIVIL ACT. NO. 2:16-cv-985-ECM |
| | )                    (WO) |
| $389,820.00 IN UNITED STATES | ) |
| CURRENCY, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION and ORDER**

Now pending before the Court is the Claimants' motion for an extension of time to file an appeal (doc. 141) filed on December 10, 2021. On September 16, 2021, the Court entered a memorandum opinion and order denying the Claimants' motion to reconsider. (Doc. 140). The Claimants had until November 16, 2021, to file a notice of appeal. Fed. R. App. P. 4(a)(4)(A)(i).

Pursuant to Fed. R. App. P. 4(a)(5)(A)(i), the Claimants may seek an extension of time to file an appeal provided that the "party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires." *Id*. Moreover, this Court "may extend the time to file a notice of appeal . . . regardless of whether [the] motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, [if] that party shows excusable neglect or good cause." Fed. R. App. P. 4(a)(5)(A)(ii).

The Claimants' motion for an extension of time to appeal was filed within thirty days after the time for filing an appeal expired, and Claimants asserts they can demonstrate

excusable neglect due to counsel's negligence or carelessness. (Doc. 141 at 2, 4). Counsel asserts that he "negligently or carelessly confused" the deadlines for filing an appeal with another case. (*Id*. at 4, para. 10).

> With regard to determining whether a party's neglect of a deadline is excusable, . . . we conclude that the determination is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission. These include . . . the danger of prejudice to the [nonmovant], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith."

*Pioneer Investment Servs. Co. v. Brunswick Assocs. Ltd. Partnership*, 507 U.S. 380 , 395 (1993). *See also, Advanced Estimating Sys., Inc. v. Riney*, 130 F.3d 996, 997–8 (11th Cir. 1997).

The *Pioneer* factors "apply to determinations of excusable neglect within the meaning of Rule 4(a)(5)." *Advanced Estimating Sys., Inc. v. Riney*, 77 F.3d 1322, 1324 (11th Cir.1996). "Primary importance should be accorded to the absence of prejudice to the nonmoving party and to the interest of efficient judicial administration." *Id*. at 1325.

The Court concludes that the *Pioneer* factors weigh against the Claimants. The Court denied the Claimants' motion for reconsideration on September 16, 2021. (Doc. 140). The time for filing an appeal expired on November 16, 2021. Fed. R. App. P. 4(a)(4)(A)(i). The Claimants filed the motion for an extension of time on December 10, 2021, twenty-three (23) days after the appeal time expired but eighty-four (84) days after the Court entered the order denying reconsideration.

According to counsel, he confused the order entered in this case with an order entered in *United States of America v. $389,820.00, et al.*, 2:20-cv-1048-WKW (M.D. Ala. 2021). In that case, the Court denied the Defendants' motion to dismiss on October 5, 2021. *Id.* at Doc. 13. Counsel avers that he intended appeal the denial of that motion to dismiss, and, in fact, co-counsel filed a petition for writ of mandamus. (Doc. 141 at 10). Counsel attributes his neglect to "the substantial amount of cases in [his] caseload in the state courts of Alabama since COVID-19 restrictions were lifted." (*Id*. at 5). In *Pioneer*, the Court gave "little weight to the fact that counsel was experiencing upheaval in his law practice." 507 U.S. at 398.

The reasons offered by counsel for the delay weigh against him because (1) the order in this case was entered nineteen (19) days earlier than the order in the second case; (2) counsel did not file an appeal of the denial of his motion to dismiss but instead filed a petition for writ of mandamus which does not operate with same time constraints as an appeal; and (3) little weight is given to counsel's difficulties in managing his caseload.

The length of the delay also weighs against the Claimants. While the motion for an extension of time was filed twenty-three (23) days after the time for filing an appeal expired, the motion was filed eighty-four (84) days after order was entered. Deadlines mean something and allowing the Claimants to file an appeal would prejudice the Plaintiff who rightly believed this litigation was at an end. The prejudice to the Plaintiff adversely impacts "the interest of efficient judicial administration" because the parties are entitled to finality.

Moreover, while the Claimants assert that they would be "significantly prejudiced by the loss of her opportunity to show the lack of merit of plaintiff's response to her motion to return the seized property," (doc. 141 at 5), the Claimants continue to litigate the underlying forfeiture in *United States of America v. $389,820.00, et al.*, 2:20-cv-1048-WKW (M.D. Ala. 2021).

After examining the *Pioneer* factors and considering all relevant circumstances concerning the Claimants' failure to timely appeal this matter, the Court concludes that, in this case, the Claimants have failed to demonstrate excusable neglect.

Accordingly, for the reasons as stated, it is

ORDERED that the motion for an enlargement of time to file an appeal (doc. 141) is DENIED.

Done this 14th day of December, 2021.

                                                       /s/ Emily C. Marks  
                                            EMILY C. MARKS  
                                            CHIEF UNITED STATES DISTRICT JUDGE